IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Karen K. T., | ) |
|     Plaintiff, | ) ) ) |
| | ) Case No.: 20-cv-50418 |
| v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, Commissioner of Social Security,[1] | ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, Karen K. T., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [21], [26]. For the reasons set forth below, Plaintiff's motion for summary judgment [21] is denied and the Commissioner's motion for summary judgment [26], is granted. The final decision of the Commissioner denying benefits is affirmed.

**BACKGROUND**

**A. Procedural History**

    On November 20, 2017, Karen K. T. ("Plaintiff") filed for disability insurance benefits. R. 15. The Social Security Administration ("Commissioner") initially denied her application on June 1, 2018, and upon reconsideration on November 15, 2018. *Id*. Plaintiff filed a written request for a hearing on December 12, 2018. *Id*. On January 9, 2020, a hearing was held by Administrative Law Judge ("ALJ") Jessica Inouye where Plaintiff appeared virtually and testified. *Id*. Plaintiff was represented by counsel. *Id*. Leida Woodham, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

    On February 25, 2020, the ALJ issued her written opinion denying Plaintiff's claims for disability, disability insurance benefits, and supplemental security income. R. 15-28. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-3. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). Now before the Court are Plaintiff's motion for summary judgment [21], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [26], and Plaintiff's reply brief [27].

---

[1] Martin O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

### B. The ALJ's Decision

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of March 1, 2015. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments as of July 1, 2017: degenerative disc disease of the lumbar spine and degenerative joint disease of the hips. R. 18. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 23-24.

Before step four, the ALJ found that as of July 1, 2017, Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following limitations: never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; avoid hazards, such as unprotected heights and moving, dangerous machinery. R. 24. At step four, the ALJ found that Plaintiff is capable of performing past relevant work. R. 26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from August 21, 2017, through the date of decision, January 06, 2020. *Id*.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal citations omitted). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020); *see also Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) ("When reviewing a disability decision for substantial evidence, '[w]e will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence support it.'").

Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citations and quotations omitted). *See also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff contends that the ALJ erred because she did not confront an MRI finding, improperly evaluated the medical opinion evidence, and played doctor. [21], p. 1-21. Each argument will be taken in turn.

### A. Confrontation of MRI Finding

Plaintiff argues that the ALJ failed to "properly confront" a specific MRI finding and that, had the ALJ "properly" done so, she would have found Plaintiff disabled because Plaintiff would have "met or equaled a listing." [21], p. 7-9. Plaintiff characterizes this as a "failure to confront evidence that does not support [her] conclusion" and briefly suggests that the ALJ ignored an "entire swath" of evidence by "completely discount[ing] an on point medical finding." *Id*.

Plaintiff, in essence, asks the Court to impermissibly reweigh the evidence. The ALJ did consider the December 2019 MRI at issue in Plaintiff's argument and nonetheless concluded that the "totality of the medical evidence does not entirely support the claimant's allegations." *See* R. 25 ("Because of the claimant's consistent reports of pain, an MRI was taken in December 2019, which confirmed some spondylosis and some moderate compromises of the foramen in the claimant's lumbar spine." (citing R. 1189, the December 2019 MRI)); R. 25 (The RFC limitations are "supported by the generally stable, objective findings from imaging."). The ALJ therefore weighed the MRI evidence and implicitly determined that it did not support a finding that Plaintiff met or equaled a listing, as the ALJ did not find any listings met or equaled in this case. Thus, in arguing that this MRI is dispositive because it should have caused the ALJ to find a listing met or equaled, Plaintiff asks the Court to reweigh the evidence such that this single MRI (which, the Court notes, only captured "moderate" findings) tips the scales of the ALJ's decision in Plaintiff's favor. The Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination." *Crowell v. Kijakazi*, 72 F.4th 810, 814 (7th Cir. 2023) (internal quotations omitted)). Therefore, the Court declines to consider further Plaintiff's argument as to the "proper" import of the December 2019 MRI.

### B. ALJ's Treatment of Opinion Evidence

Plaintiff contends that the ALJ erred in her assessment of the medical opinion evidence provided by Dr. NieKamp and Licensed Clinical Social Worker Banks-Geiger.[2] [21], p. 13-18.

---

[2] Plaintiff also argues that the ALJ "failed to properly consider Dr. Lopez's… opinion" because the ALJ did not evaluate Dr. Lopez pursuant to the factors outlined in 20 C.F.R. § 416.920c. [21], p. 9. This argument fails because the ALJ is only required to apply the § 416.920c factors for "medical opinions," which are defined as "[a] statement from a medical source about what a claimant can still do despite his or her impairment(s) and whether the claimant has one or more impairment-related limitations or restrictions." POMS DI 24503.005 (2) (a). Plaintiff points to no such statement from Dr. Lopez; instead, Plaintiff relies exclusively on Dr. Lopez' "mental status examinations," which do not qualify as a "medical opinion" requiring evaluation under the § 416.920c factors. The ALJ's consideration of Dr.

3

The ALJ found the opinions of Dr. NieKamp, the consultative examiner, and Ms. Banks-Geiger, Plaintiff's counselor, unpersuasive. R. 22-23. Plaintiff takes issue with the evaluation of both medical opinions, arguing that the ALJ erred in evaluating the support for both opinions.[3] *Id*.

Plaintiff filed her case after March 17, 2017, and as a result the ALJ "[w]ill not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) (citing 20 C.F.R. § 404.1520c(a)) (internal quotations omitted). Instead, the ALJ is advised to consider a variety of factors in evaluating medical opinions and must "[e]xplain how she considered the supportability and consistency factors" in particular. *See* 20 C.F.R. § 404.1520c(b)(2); *Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023) (affirming that under § 404.1520c(b)(2), an ALJ must consider supportability and consistency of medical opinions). In considering the supportability and consistency of a medical opinion, "[a]n ALJ need only minimally articulate[ ] her reasoning for the persuasiveness of the medical opinion." *Desotelle v. Kijakazi*, No. 22-1602, 2023 WL 4146246, at *2 (7th Cir. June 23, 2023) (quoting *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008)) (internal quotations omitted). The ALJ here sufficiently articulated her consideration of the supportability and consistency factors when evaluating Dr. NieKamp and Licensed Clinical Social Worker Banks-Geiger's opinions and thus did not err in evaluating the opinions.

The ALJ explicitly considered the supportability and consistency of Dr. NieKamp's opinion. The ALJ found Dr. NieKamp's "conclusory statement" as to Plaintiff's moderate to severe depression level unpersuasive because it was "inconsistent with Dr. NieKamp's own objective findings, and was not supported by the medical evidence of record." R. 22. As to the inconsistency with Dr. NieKamp's own findings, the ALJ pointed out that Dr. NieKamp's own objective mental findings were "largely normal," and that Dr. NieKamp himself "specifically noted that his diagnosis was based primarily on the subjective complaints of the claimant, and not upon the objective findings of his examination." R. 22 (citing R. 763 (Dr. NieKamp finding that,

---

Lopez' treatment notes was therefore sufficient as the notes do not constitute a "medical opinion" requiring § 416.920c evaluation. To the extent Plaintiff otherwise criticizes how the ALJ weighed Dr. Lopez's opinion in finding that plaintiff's mental impairments were not severe, the Court finds that the ALJ's analysis was well reasoned and supported by substantial evidence.

[3] Plaintiff also raises an underdeveloped argument in her medical opinion section that the "ALJ finding Plaintiff's major depressive disorder a non-severe impairment was not harmless error." [21], p. 14. Plaintiff cites no caselaw in support of her contention and instead simply asserts that, "[h]ad the ALJ recognized the severity of Plaintiff's depression, the ability for Plaintiff to perform her past-relevant work would have been called into question" and Plaintiff would be found disabled. *Id*. Plaintiff's "[a]rgument is perfunctory and undeveloped, and therefore waived." *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018) (citing *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016)) (internal quotations omitted). Even if the argument were not waived, the Court would not consider it further as Plaintiff again effectively asks the Court to impermissibly reweigh Plaintiff's mental health evidence in order to find Plaintiff's depression a "severe" impairment. The Court again reiterates that it "[m]ay not engage in its own analysis of whether the plaintiff is disabled nor may it reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner… The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Brian J. v. Saul*, 438 F. Supp. 3d 903, 907 (N.D. Ill. 2020) (internal quotations and citations omitted).

"[g]enerally speaking, [Plaintiff's] cognitive functions appear to be operating within expected developmental limits.")). Similarly, at various points in the opinion the ALJ reviewed Plaintiff's medical evidence of record, which consistently "indicat[e] that her depression and anxiety are typically mild, with only brief exacerbations due to situational stressors," and which therefore do not support Dr. NieKamp's opinion. R. 20 (citing e.g., R. 379 (Ms. Banks-Geiger describing Plaintiff's depression as "mild" and observing that "[Plaintiff's] mood and affect are significantly more stable than when she started counseling…[a]nxiety is less of a concern since starting Lexapro…[d]epression is not currently as problematic since starting Welbutrin."); R. 828 (Ms. Banks-Geiger recording that Plaintiff "[r]eported to therapy today again emotionally stable… shared that her depression is currently mild to moderate and anxiety is not currently an issue beyond worries about situational stress.")). The ALJ's evaluation of Dr. NieKamp's opinion was therefore sufficient as the ALJ explained, and at the very least, "minimally articulated" her reasoning in finding Dr. NieKamp's opinion unpersuasive. *Warnell v. O'Malley*, 97 F.4th at 1053–54 ("Time and time again, we have emphasized that social-security adjudicators are subject to only the most minimal of articulation requirements.").

The ALJ also sufficiently articulated her reasoning as to the unpersuasive nature of Ms. Banks-Geiger's medical opinion, explaining that the "[s]ignificant restrictions opined by Ms. Banks-Geiger… are inconsistent with her treatment records of the claimant" and "[n]ot supported by the findings of the claimant's treating psychiatrist, Dr. Lopez."[4] R. 22-23. In support of this explanation, the ALJ cited to Ms. Geiger-Banks' own treatment notes, which demonstrate consistently mild or moderate depression and anxiety. R. 23 (citing R. 832 (Ms. Banks-Geiger characterizing Plaintiff's depression diagnosis as "mild")); *see also* R. 20 (citing e.g., R. 379 (Ms. Banks-Geiger characterizing Plaintiff's depression diagnosis as "mild") and 828 (Ms. Banks-Geiger characterizing Plaintiff's depression diagnosis as "mild")). The ALJ also cited to Dr. Lopez's treatment notes, which "documented largely normal findings" and which therefore did not support the significant restrictions opined by Ms. Banks-Geiger. R. 23 (citing e.g., R. 1178 (Dr. Lopez reporting an unremarkable mental status examination); R. 1163 (Dr. Lopez reporting an unremarkable mental status examination wherein Plaintiff's "mood is better overall" and Plaintiff's "judgment and insight appear unimpaired at this point in time.")); R. 913 (Dr. Lopez recording Plaintiff's report that she is "feeling real good" and that her psychiatric medications are "doing pretty good" and "seem to be helping" (internal quotations omitted)); *see also Bakke v. Kijakazi*, 62 F.4th 1061, 1067 (7th Cir. 2023) (affirming that the ALJ "[p]roperly articulated [whether] the… physicians' opinions were consistent with other record evidence" where the ALJ compared the opinions to the medical records.). The ALJ therefore appropriately articulated why she found the opinion of Ms. Banks-Geiger unpersuasive.

---

[4] Plaintiff raises an additional limited argument as to the ALJ's perceived inconsistency between Dr. Lopez' treatment notes and Ms. Banks-Geiger's opinion. [21], p. 20. The Court need not consider this argument further because, even if the ALJ's perceived inconsistency between the two treaters was misguided, the ALJ provided other sound reasons for finding Ms. Banks-Geiger's opinion unpersuasive, namely the inconsistencies between Ms. Banks-Geiger's own treatment notes and her proposed restrictions. *See Halsell v. Astrue*, 357 F. App'x 717, 722–23 (7th Cir. 2009) ("Not all of the ALJ's reasons must be valid as long as *enough* of them are.").

### C. Playing Doctor

Plaintiff additionally argues that the ALJ "improperly played medical doctor in interpreting medical records." [21], p. 18. Plaintiff supports this argument by asserting that the ALJ played doctor by determining that Plaintiff did not have "severe" depression. *Id*.

This argument fails for several reasons, primarily because—as Plaintiff herself points out—the medical evidence in the record consistently characterizes Plaintiff's depression as mild, moderate, or "moderate to severe." *See, e.g.,* R. 763, 832, 379, 828, 918, 920, 925, 929, 931, 934, 948, 960, 1157, 1159, 1161, 1166, 1168, 1170, 1172, 1175, 1176, 1180, 1182, 1184, 1186. The ALJ therefore did not impermissibly play doctor by "[r]einterpret[ing] the evidence herself," [21], p. 19, because the ALJ did not reinterpret the evidence at all; she simply repeated it. Plaintiff points to no place in the record where a medical provider characterized Plaintiff's depression exclusively as "severe" and therefore debilitating rather than mild, moderate, or in the "moderate to severe" range. Accordingly, the ALJ did not make any medical findings independent of the record; she simply reiterated the medical findings that *were* represented in the record, which consistently characterized Plaintiff's depression as mild, moderate, or "moderate to severe." Thus, there is no basis for a finding that the ALJ impermissibly played doctor.

Plaintiff also argues that the mental health records that were created after the state agency opinions were given "[a]ll seem to be symptoms which would support the opinions of Dr. NieKamp, Dr. Lopez, and Ms. Banks-Geiger"[5] and should be "symptoms that a medical provider should interpret, not the ALJ." [21], p. 20. Although Plaintiff is correct that the ALJ cannot independently reinterpret medical evidence, the ALJ is allowed to "pla[y] ALJ and conside[r] and asses[s]… the medical evidence," as was done in this case. *Heather M. v. Berryhill*, 384 F. Supp. 928, 935 (N.D. IL. June 5, 2019). Moreover, Plaintiff does not advocate as to how the ALJ "improperly reinterpreted" these records; Plaintiff simply lists the records and alleges that the ALJ improperly reinterpreted them. "[T]he adage that Judges are not like pigs, hunting for truffles buried in briefs[,] applies here. The Court will not make a party's arguments for her, nor will it assemble the evidence necessary to support her position." *Riley v. City of Kokomo*, No. 1:15-CV-391-WTL-DML, 2017 WL 897281, at *9 (S.D. Ind. Mar. 7, 2017), *aff'd*, 909 F.3d 182 (7th Cir. 2018) (internal quotations and citations omitted); *see also Martinez v. Colvin*, No. 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at *26-27 (N.D. Ill. Mar. 28, 2014) ("[T]he Court notes that parties should not view judges as bloodhounds who are merely given a whiff of an argument and then expected to search the record high and low in an effort to track down evidence to locate and capture a party's argument."). The Court therefore declines to further consider Plaintiff's argument as to the ALJ's evaluation of the post-state agency opinion records.

---

[5] The Court notes that Plaintiff's own argument supports the ALJ's assessment. The three medical providers she references consistently characterized Plaintiff's depression as mild, moderate, or within the "moderate to severe" range, so the argument that the additional records support the providers' opinions would simply mean that there exists even more support for the providers' characterization of Plaintiff's depression as, at most, moderate to severe rather than exclusively severe.

## CONCLUSION

      For the reasons stated above, Plaintiff's motion for summary judgment [21] is denied and the Commissioner's motion for summary judgment [26], is granted. The final decision of the Commissioner denying benefits is affirmed.

Date: 07/01/2024                      ENTER:

_Margaret J. Schneider_
United States Magistrate Judge